IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>GATEWAY SERVICES COMMUNITY DEVELOPMENT DISTRICT,<br>    Defendant. | Case No. |

## COMPLAINT

Plaintiff, MICHAEL WHITFIELD ("Plaintiff"), files this Complaint against Defendant, GATEWAY SERVICES COMMUNITY DEVELOPMENT DISTRICT ("Defendant"), and alleges:

### NATURE OF CLAIMS

1. This is an action for age discrimination in employment brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-760.11 ("FCRA").

### PARTIES, JURISDICTION and VENUE

2. Plaintiff is a resident of Columbia County, Oregon.

3. Defendant is a Community Development District and member of Florida's Special District Accountability Program which provides public services to residents, businesses, and property.

4. Defendant's principal place of business is located at 13240 Griffin Drive, Fort Myers, FL 33913.

5. This Court has jurisdiction of this matter under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper because Defendant operates in Fort Myers, Florida, and the cause of action accrued in Lee County, Florida, in the Middle District of Florida, Fort Myers Division.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff has satisfied all administrative prerequisites required under the FCRA and ADEA.

8. On April 6, 2022, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations. A copy of the Charge of Discrimination is attached hereto as **Exhibit "A"**. The EEOC issued a Determination and Notice of Rights on August 15, 2022. A copy of the Determination and Notice of Right to Sue is attached hereto as **Exhibit "B"**.

9. 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and the FCHR did not issue a determination in that time period

10. All conditions precedent to bringing this action have been performed or have occurred.

## STATEMENT OF FACTS

11. Defendant was established on May 22, 1986 by the Florida Land and Water Adjudicatory Commission Chapter 42F-1, pursuant to the provisions of Chapter 190, Florida Statutes, for the purpose of planning, financing, constructing, operating, and maintaining certain community-wide infrastructure.

12. Defendant is governed by a five-member Board of Supervisors (the "Board"), who are elected to a term of four years.

13. Defendant is primarily responsible for the planning and operation of infrastructure and services for its residents within approximately 4,488 acres located in Lee County Florida.

14. Defendant is responsible for storm water management, potable and irrigation water supply and, streetlights. Defendant is also responsible for oversight and maintenance some of recreational areas such as the pool, soccer fields, and common area within its district.

15. The District Manager is the highest level employed position, responsible for oversight and management of Defendant's departments including, administration, finance, parks and recreation, public works, and utilities.

16. The District Manager position opened in 2022 and soon thereafter the Defendant posted the job and began taking applicants.

17. On January 21, 2022, Plaintiff applied for District Manager position.

18. On March 17, 2022, Defendant held a public Board meeting to interview the two remaining candidates for the position: Plaintiff and Ms. Chelsea O'Riley.

19. During Plaintiff's interview, the Board made references to Plaintiff's age and inquired as to how long he would work.

20. Following both interviews, the Board started a pre-vote discussion about the two candidates.

21. During that discussion and before the final vote, there were questions brought up specifically about Plaintiff's age. There was also some discussion amongst the Board concerning the "illegal" comments about Plaintiff's age.

22. Following the discussion, the Board voted and selected Ms. O'Riley, the substantially younger and less qualified applicant.

23. The interview and vote were streamed and recorded on YouTube. *See* https://youtu.be/F5YhBY3cWdg?t=7937.

24. After the interview and vote, Defendant offered Plaintiff a lesser position in the Public Works division. Plaintiff declined the offer as it was a significant decrease in compensation and responsibilities.

## COUNT I
## VIOLATION OF ADEA
## (AGE DISCRIMINATION)

25. Plaintiff realleges paragraphs 1 – 24 and incorporates them by reference.

26. This is an action against Defendant for age discrimination in violation of the ADEA, 29 U.S.C. § 623(a)(1), which provides:

§**623 Employer practices**.- It shall be unlawful for an employer -

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

27. Defendant employed 15 or more employees for each working day in each of 20 or more calendar weeks at all times material to this action. Defendant is otherwise an "Employer" as defined by the ADEA, 29 U.S.C. §630(b), and the FCRA, Fla. Stat. §760.02(7).

28. At all times material, Plaintiff was a member of a protected class based on his age, which was 67 years old at the time of the discriminatory actions.

29. At all times material, Plaintiff was qualified to perform the District Manager job.

30. Plaintiff suffered an adverse employment action when Defendant made "illegal" comments about Plaintiff's age, and thereafter did not hire Plaintiff for the position of District Manager, which was filled by Ms. O'Riley, a substantially younger and less qualified candidate.

31. Defendant took the adverse actions described in paragraph 30 because of Plaintiff's age.

32. The actions taken by Defendant were discriminatory employment practices and violated the ADEA.

33. Defendant's violations of the law were knowing and willful.

34. As a direct and proximate cause of the discriminatory and unlawful employment practices taken by Defendant, Plaintiff has suffered compensatory

damages, both economic and intangible, for which he now seeks relief under the ADEA.

**WHEREFORE**, Plaintiff prays for relief against Defendant for all damages and remedies available under the ADEA, including, without limitation:

A. Lost wages, past and future, in amounts to be determined trial;

B. The economic value of lost benefits, past and future, in amounts to be determined at trial;

C. Front pay;

D. Intangible compensatory damages for mental anguish, emotional distress, and loss of dignity, past and future, in amounts to be determined at trial;

E. Liquidated damages;

F. All other economic and noneconomic damages caused by the violations, and permitted under the ADEA;

G. Prejudgment interest; and

H. Attorneys' fees and costs.

### COUNT II
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (AGE DISCRIMINATION)

35. Plaintiff realleges paragraphs 1 – 24 and incorporates them by reference.

36. This is an action against Defendant for age discrimination in violation of the Florida Civil Rights Act, Fla. State. §760.10(1)(a), which provides:

**760.10 Unlawful employment practices.**-
(1) It is an unlawful employment practice for an employer:
(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms,

conditions, or privileges of employment, because of such individuals . . . **age**.

37. Defendant employed 15 or more employees for each working day in each of 20 or more calendar weeks at all times material to this action, specifically in 2020 and 2021. Defendant is otherwise an "Employer" as defined by the ADEA, 29 U.S.C. §630(b), and the FCRA, Fla. Stat. §760.02(7).

38. At all times material, Plaintiff was a member of a protected class based on his age, which was 67 years old at the time of the adverse actions.

39. At all times material, Plaintiff was qualified to perform the District Manager job.

40. Plaintiff suffered an adverse employment action when Defendant made "illegal" comments about Plaintiff's age, and thereafter did not hire Plaintiff for the position of District Manager, which was filled by Ms. O'Riley, a substantially younger and less qualified candidate.

41. Defendant took the adverse action described in paragraph 40 because of Plaintiff's age.

42. The actions taken by Defendant was discriminatory employment practices and violated the Florida Civil Rights Act.

43. As a direct and proximate cause of the discriminatory and unlawful employment practices taken by Defendant, Plaintiff suffered compensatory damages, both economic and intangible, for which he now seeks relief under Florida Statute §760.11(5).

**WHEREFORE**, Plaintiff prays for relief against Defendant for all damages and remedies available under the Florida Civil Rights Act, including, without limitation:

- A. Lost wages, past and future, in amounts to be determined trial;
- B. The economic value of lost benefits, past and future, in amounts to be determined at trial;
- C. Intangible compensatory damages for mental anguish, emotional distress, and loss of dignity, past and future, in amounts to be determined at trial;
- D. Punitive damages;
- E. All other economic and noneconomic damages caused by the violations, and permitted under the Florida Civil Rights Act;
- F. Prejudgment interest; and
- G. Attorneys' fees and costs.

## DEMAND FOR ATTORNEY'S FEES

Pursuant to 29 U.S.C. § 626(b), incorporating by reference 29 U.S.C. § 216(b), and Florida Statutes § 760.11(5), Plaintiff demands an award of attorney's fees should he prevail in this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial, as permitted by Florida Statute §760.11(5).

Dated: November 11, 2022

                                        Respectfully submitted,

                                        /s/ Jason L. Gunter
                                        Jason L. Gunter
                                        Fla. Bar No. 0134694
                                        Email: Jason@GunterFirm.com
                                        Conor P. Foley
                                        Fla. Bar No. 111977
                                        Email: Conor@GunterFirm.com

                                        **GUNTERFIRM**
                                        1514 Broadway, Suite 101
                                        Fort Myers, FL 33901
                                        Tel: 239.334.7017

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [x] FEPA  [x] EEOC | 510-2022-03960 |

Florida Commission on Human Relations ("FCHR") and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Michael Whitfield | 2393347017 | |

| Street Address | City, State and ZIP Code |
|---|---|
| c/o GUNTERFIRM, 1514 Broadway, STE 101, Ft. Myers, FL 33901 | - Email: info@gunterfirm.com |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Gateway Services Community Development District | 15+ | 2395611313 |

| Street Address | City, State and ZIP Code |
|---|---|
| 13240 Griffin Drive, Fort Myers, FL 33913, Doug Banks, Chair (doug.banks@gatewaydistrict.org) customercare@gatewaydistrict.org | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] RETALIATION  [x] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION  [ ] OTHER (Specify) | Earliest: 2022-03-17    Latest: 2022-03-17    [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My name is Michael Whitfield. I am 67 years old. I applied for a position as District Manager with Gateway Services Community Development District ("the District"). The District selected a younger and less qualified candidate over me because of my age.

The District is Community Development District responsible for the planning and operation of infrastructure and services for its residents within approximately 4488 acres located in Lee County Florida. The District is governed by a 5-member Board of Supervisors.

The top-level employed position at the District is the District Manager. The District Manager position opened in 2022 and the District posted the job and began taking applicants. Given my background, I was very qualified for the position. On January 21, 2022, I applied for District Manager. After being interviewed and ranked by a consultant hired by the District, I attended a board meeting on March 17, 2022, where myself and the only other top candidate, Chelsea O'Riley were virtually interviewed by the Board before the vote. Chelsea is much younger; I would estimate in her thirties.

During my interview, one of the board members made references to my age and how long I would work. Following both interviews, the Board started a pre-vote discussion about the two candidates. During that discussion and before the final vote, there were questions brought up specifically about my age. There was also some discussion amongst the board concerning the "illegal" comments about my age. All of it made me feel very uncomfortable and upset.

See Additional Page

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| Apr 5, 2022     *Michael J. Whitfield*  Date     Charging Party Signature  Michael J. Whitfield (Apr 5, 2022 19:27 PDT) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[x] FEPA<br>[x] EEOC  510-2022-03960 | Agency(ies) Charge No(s): |
|---|---|---|

Florida Commission on Human Relations and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Following the discussion, the Board voted and selected Ms. O'Riley, the substantially younger applicant. Although she was younger, I was much more qualified for the position.

The Interview and vote were recorded on YouTube, which I am incorporated into this Charge of Discrimination by timestamp citations to the video, below:

1. 1:27:20 - the question about how many years he would work if he got the position.: https://youtu.be/F5YhBY3cWdg?t=5239
2. 2:09:08 - conversation of the board about the two candidates: https://youtu.be/F5YhBY3cWdg?t=7748
3. 2:12:17 - comment about age https://youtu.be/F5YhBY3cWdg?t=7937
4. 2:18:00 - rebuttal to age and "illegal" comment - https://youtu.be/F5YhBY3cWdg?t=8280
5. 2:30:54 - vote for chelsea https://youtu.be/F5YhBY3cWdg?t=9054

I was denied an employment opportunity with the District as the District Manager because of my age, in violation of the Age Discrimination in Employment Act and the Florida Civil Rights Act of 1992

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Apr 5, 2022 — *Michael J. Whitfield*
Michael J. Whitfield (Apr 5, 2022 19:27 PDT)
Date — Charging Party Signature

NOTARY – *When necessary for State or Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC MIAMI DISTRICT OFFICE
RECEIVED 04/06/2022

**EEOC Charge Number: 510-2022-03960**

# EEOC Charge

Final Audit Report                                                                 2022-04-06

| | |
|---|---|
| Created: | 2022-04-05 |
| By: | Theresa Schleter (Theresa@gunterfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAA22NisYz8MqPDnsjSsJFbZVelGHlYW5n |

## "EEOC Charge" History

- Document created by Theresa Schleter (Theresa@gunterfirm.com)
  2022-04-05 - 9:28:20 PM GMT

- Document emailed to Michael J. Whitfield (mewhit41@yahoo.com) for signature
  2022-04-05 - 9:32:47 PM GMT

- Email viewed by Michael J. Whitfield (mewhit41@yahoo.com)
  2022-04-05 - 9:33:59 PM GMT

- Document e-signed by Michael J. Whitfield (mewhit41@yahoo.com)
  Signature Date: 2022-04-06 - 2:27:13 AM GMT - Time Source: server

- Agreement completed.
  2022-04-06 - 2:27:13 AM GMT

Adobe Acrobat Sign

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/15/2022

**To:** Michael Whitfield
60110 Barrick Ln.
Saint Helens, OR 97051
Charge No: 510-2022-03960

EEOC Representative and email:   Henry Elmore
Federal Investigator
henry.elmore@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2022-03960.

On behalf of the Commission,

Digitally Signed By:Roberto Chavez
08/15/2022

Roberto Chavez
Acting Director

**Cc:**
Doug Banks
Gateway Services Community Development District
13240 GRIFFIN DR
FORT MYERS, FL 33913

Jason Gunter
Gunter Law Firm
1514 Broadway, Suite 101
Fort Myers, FL 33901

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2022-03960 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.